UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CARROLL W. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-207 |
| | ) | (PHILLIPS / SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 12 and 16] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 17 and 18]. Plaintiff Carroll Allen ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge, the final decision of Defendant Commissioner.

On May 3, 2004, Plaintiff filed his application for disability insurance benefits and supplemental security income, claiming disability as of August 30, 2002 (Tr. 65-67; 70-72). After his application was denied initially and upon reconsideration, Plaintiff requested a hearing. On April 5, 2006, a hearing was held before an Administrative Law Judge ("ALJ") to review determination of Plaintiff's claim (Tr. 530-57). On September 17, 2006, the ALJ found that Plaintiff was not disabled because he remains capable of performing jobs that exist in significant numbers in the national economy (Tr. 19). On April 3, 2007, the Appeals Council denied Plaintiff's request for

review (Tr. 6-8), and the decision of the ALJ became the final decision of the Commissioner. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ Findings**

>   The ALJ made the following findings:
>
>> 1. The claimant met the insured status requirements of the Social Security Act through September 30, 2005.
>>
>> 2. There is insufficient evidence to conclusively find the claimant has engaged in substantial gainful activity since August 30, 2002, the alleged onset date (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>>
>> 3. The claimant has the following combination of impairments: seizure disorder, mild neurocognitive disorder, cervical degenerative disc disease, and failed back syndrome (20 C.F.R. 404.1520(c) and 416.920(c)) Therefore, the claimant has a "severe" impairment.
>>
>> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). The claimant did not introduce evidence of meeting or equaling a specific medical listing nor did he claim such a finding.
>>
>> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to sit a total of 6 out of 8 hours, stand/walk a total of 6 out of 8 hours, and lift/carry 10 pounds frequently and 20 pounds occasionally. The claimant requires a sit/stand option. He is limited to occasional bending, stooping, and pushing or pulling of arm or leg controls. He is restricted against climbing,

crawling, work at unprotected heights, and operating heavy machinery or vehicles. The claimant retains the mental residual functional capacity to understand, remember, and carry out simple, routine, 1-2 step instructions. He is restricted against public contact and he must not be dependent on close interaction with coworkers or supervisors.

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

7. The claimant was born on October 13, 1956. He was 45 years old on the alleged disability onset date, which is defined as a younger individual age 45-49 (20 C.F.R. 404.1563 and 416.963).

8. The claimant has the equivalence of a high school education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled", whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not under a "disability" as defined in the Social Security Act, from August 30, 2002, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(Tr. 14-20).

## I. Disability Eligibility

An individual is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 1382c(a)(3)(B). Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.150). Plaintiffs bear the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

## III. Standard of Review

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986).

## V. Argument

Plaintiff argues on appeal that substantial evidence does not support the ALJ's disability determination. Plaintiff contends the ALJ erred in "mischaracterizing" the opinion of his treating physician, Dr. Bozeman and failed to properly evaluate the opinion of Dr. Hoffman, also a treating physician [Doc. 16 at 3]. Plaintiff further contends the ALJ erred in finding he was not a credible witness. The Commissioner, in response, contends that substantial evidence supports the ALJ's finding of non-disability and any arguments to the contrary must fail [Doc. 18]. Plaintiff bears the burden of proving his entitlement to benefits. Boyers v. Sec. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

### A. *Failure to Give Appropriate Weight to the Opinions of Treating Physicians*

Plaintiff first argues that the ALJ improperly disregarded the opinions of his treating physicians, Dr. Bozeman and Dr. Hoffman. Plaintiff contends since Dr. Bozeman and Dr. Hoffman were his treating physicians, their evaluations should have been given controlling weight. The Commissioner argues the ALJ discounted Dr. Bozeman's and Dr. Hoffman's opinions because they were not supported by clinical or laboratory diagnostic techniques and they conflicted with the other evidence in the record.

Generally, the "medical opinion of the treating physician is to be given substantial deference, and if that opinion is not contradicted, complete deference must be given." Walker v. Sec'y of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir. 1992). The reason for such a rule is clear: the treating physician has had a greater opportunity to examine and observe the patient. Id. However, the ALJ is not required to give controlling weight to a treating physician's evaluation when that evaluation is inconsistent with other substantial evidence in the record. See 20 C.F.R. §

416.927(d)(2) and 20 C.F.R. § 404.1527(d)(2). Instead, when there is contradictory evidence, the treating physician's opinion is weighed against the contradictory evidence under the criteria listed in 20 C.F.R. § 416.927(d). Additionally, the Regulations state that the more relevant evidence a medical source presents to support an opinion, particularly medical signs and laboratory findings, the more weight the ALJ will give that opinion. 20 C.F.R. § 416.927(d)(3). The Regulations further state that the ALJ can consider the amount of understanding that a physician possesses regarding the disability programs and their evidentiary requirements when deciding the weight to give a medical opinion. 20 C.F.R. § 401.1527(6).

### 1. **Dr. Bozeman**

In regard to Plaintiff's physical capabilities, Dr. Bozeman opined Plaintiff is physically capable of sitting and standing/walking the entire work day; unable to lift fifty pounds or greater; could infrequently lift between one and twenty-five pounds; infrequently bend at the waist; occasionally reach above the shoulders; infrequently stand on a hard surface; and infrequently use his hands for fine manipulation (Tr. 230). Dr. Bozeman further found Plaintiff would not require bed rest during the work day, but would have problems with stamina and endurance which would require him to rest more than the breaks normally allowed, but he neglected to state how much rest would be needed by Plaintiff and how frequently during the day it would be needed (Tr. 321). Dr. Bozeman also reported that Plaintiff's subjective complaints seem reasonable; Plaintiff is unable to work an eight hour a day, forty hour work week; and Plaintiff's medical condition would cause lapses in concentration and memory (Id.). In regard to Plaintiff's mental capabilities, Dr. Bozeman reported Plaintiff could be expected to experience seizures despite taking his medication; suffers from mental problems which would significantly interfere with his ability to concentrate and

7

remember simple instructions; and is taking medications which cause side effects affecting his concentration, coordination, and memory (Tr. 324-25). The ALJ found many of Dr. Bozeman's opinions credible as to Plaintiff's physical capabilities and incorporated them into Plaintiff's RFC determination; however, in determining Plaintiff's mental capacity to understand and remember job instructions, the ALJ credited the opinion of Mary Barker, M.S., a consulting psychologist (Tr. 18). Dr. Barker found Plaintiff retains the mental capacity to understand and remember job instructions, but suffers moderate impairment in concentration, persistence, and pace (Tr. 432-38). The ALJ found Dr. Barker's determination "well-supported by the objective medical evidence" (Id.). The ALJ has not committed error in crediting Dr. Barker's opinion. Dr. Bozeman's records contain no treatment for cognitive defects or any records of complaints involving problems in concentration and memory; instead Dr. Bozeman served as Plaintiff's family practitioner, treating him for such ailments as stomach pain, heartburn, ear pain, sinus infections, and headaches (Tr. 371; 377; 380; 383). The record contains no laboratory evidence, such as a psychological evaluation report as prepared by Dr. Barker, or clinical signs, such as notations of memory loss, irritability, or concentration loss in his treatment notes. The ALJ concluded, and substantial evidence, supports that Dr. Bozeman's medical records contain no evidence of complaints that would support the limitations that Dr. Bozeman opined to be present. See Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 287 (6th Cir. 1994) (physician opinions must be adequately supported by medical findings and consistent with evidence overall).

### 2. **Dr. Hoffman**

In regard to Plaintiff's mental capabilities, Dr. Hoffman reported Plaintiff infrequently suffers from seizures, more frequently suffers from auras, and could be expected to experience

8

seizures and auras despite taking his medication; suffers from mental problems which would significantly interfere with his ability to concentrate and remember simple instructions; suffers from symptoms such as headaches and dizziness, which may affect his ability to work and; and is taking medications which cause side effects affecting his concentration, coordination, and memory (Tr. 327-28). Yet, the Court finds this Assessment of Limitations, filled out March 8, 2004, is inconsistent with Dr. Hoffman's treatment notes, which report in June 2004, that Plaintiff "is overall doing very well ... is alert and oriented" and being treated with medication to "increase his attention some and help with some of the social anxiety he is having" (Tr. 395-96); see also Tr. 404-05 (treatment note of Dr. Hoffman's, dated July 24, 2003, noting "patient is alert and oriented ... shows good judgment and attention"). Furthermore, the ALJ considered Dr. Hoffman's treatment notes which were consistent with the overall medical evidence of record (See Tr. 18, acknowledging Dr. Hoffman's treatment notes which reflect Plaintiff's improvement and ability to return to work in October 2002). Therefore, this Court finds the ALJ has not committed error. A review of the record demonstrates that substantial evidence exists to support the ALJ's conclusion that Plaintiff is capable of performing light work requiring simple, routine, 1-2 step instructions.

### B. *Credibility Determination*

Plaintiff further argues that the ALJ erred in finding that he was not credible witness and contends the ALJ improperly discredited his testimony by focusing on his daily activities, which are performed on his own pace.

An ALJ's credibility determination is given great deference because the fact finder has the unique opportunity to observe and evaluate the witness, and his assessment need only be supported by substantial evidence. See Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997).

An ALJ may discount credibility "to a certain degree" where he finds "contradictions among the medical reports, claimant's testimony, and other evidence." Id. The ALJ's opportunity to observe the demeanor of the plaintiff is invaluable and should not be lightly disregarded. Villarreal v. Sec'y of Health & Human Servs., 818 F.2d 461, 463 (6th Cir. 1987). The Court finds that the ALJ's credibility determination is supported by substantial evidence.

In evaluating Plaintiff's subjective complaints of pain pursuant to 20 C.F.R. § 404.1529, the ALJ reviewed the degree of medical treatment required, discrepancies between the claimant's assertions and information contained in the documented reports, the reports of medical sources, medical history, and Plaintiff's assertions concerning his ability to work and the level of daily activities he enjoyed (Tr. 16-18). An ALJ may consider household and social activities in evaluating Plaintiff's subjective complaints. See Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). Furthermore, while the ALJ considered that Plaintiff "leaves home daily for a walk or drive. ... feeds pets, occasionally grills and prepares simple foods, helps clean the kitchen, occasionally performs laundry tasks, reads the Bible, watches television, attends church, and sees his brothers 3 to 4 times per week", these daily activities were not the sole factor considered by the ALJ when determining Plaintiff's residual functional capacity or credibility (Tr. 16-17). The ALJ's opinion clearly shows that he also considered all of the medical evidence before him, including evidence of carpal tunnel syndrome, which was treated with physical therapy and wrist splints; back pain, which was treated with "narcotic pain medication and epidural steroid injections"; and seizures, which "are controlled with Neurontin" (Tr. 17-18). The ALJ also noted in regard to Plaintiff's complaints of short-term memory problems, word-finding difficulty, and changes in his personality, that consulting psychologist, Dr. Barker, found Plaintiff "retains the mental capacity to

understand and remember job instructions, but has moderate impairment in concentration, persistence, and pace ... [and has] moderate restrictions in maintaining social interaction and adapting to changes in a work setting" (Tr. 18). The ALJ found Ms. Barker's opinion "well supported by the objective medical evidence" (Id.). Finally, in considering Plaintiff's claim that he "has episodes of tearfulness and irritability", the ALJ noted he "observed the claimant was friendly, smiled, and exhibited good personality at the hearing" (Tr. 16). All of this evidence, taken together, satisfies the substantial evidence standard; therefore, the ALJ did not err in finding that Plaintiff was not credible.

## V. Conclusion

Accordingly, the Court finds that the ALJ properly reviewed and weighed all of the medical source opinions to determine Plaintiff is capable of performing light work requiring simple, routine, 1-2 step instructions. Substantial evidence supports the ALJ's findings and conclusions. Therefore, it is hereby **RECOMMENDED**[1] that Plaintiff's Motion For Judgment on the Pleading [Doc. 12] be **DENIED** and that the Commissioner's Motion for Summary Judgment [Doc. 17] be **GRANTED**.

Respectfully submitted,

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).